1  VENABLE LLP
   Daniel S. Silverman (SBN 137864)
2  dssilverman@venable.com
   Melissa C. McLaughlin (SBN 273619)
3  mcmclaughlin@venable.com
   2049 Century Park East, Suite 2300
4  Los Angeles, CA  90067
   Telephone:   (310) 229-9900
5  Facsimile:    (310) 229-9901

6  Attorneys for Defendant
   PURITY PRODUCTS INTERNATIONAL, INC.

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  RICHARD WUEST, individually and on          **NOTICE OF REMOVAL OF**
    behalf of a class of similarly situated      **CIVIL ACTION**
12  individuals,

13                    Plaintiff,

14              v.

15  PURITY PRODUCTS
    INTERNATIONAL, INC., and DOES 1
16  through 50, inclusive,

17                    Defendant.

18

19

20

21

22

23

24

25

26

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Purity Products International, Inc. ("Purity Products") removes the above-captioned action from the Superior Court of the State of California, County of Alameda, Case No. RG17875192 to the United States District Court for the Northern District of California, on the following grounds:

## I. INTRODUCTION

1. On September 13, 2017, Plaintiff Richard Wuest commenced a putative class action against Purity Products by filing a complaint in the Superior Court of the State of California, County of Alameda, Case No. RG17875192, captioned *Richard Wuest, individually and on behalf of a class of similarly situated individuals v. Purity Products International, Inc.; and Does 1 through 50, inclusive* (the "Complaint"). True and correct copies of the Complaint and all other papers served upon Purity Products are attached to this Notice of Removal as Exhibit A.

2. In the Complaint, Plaintiff alleges Purity Products had a policy and practice of recording or monitoring consumer-initiated telephone calls made to Purity Products' toll-free and customer service telephone numbers, which he alleges is a violation of California's Invasion of Privacy Act ("CIPA"), Penal Code § 632.7. Complaint ¶ 1.

3. Purity Products was served with the Complaint on September 25, 2017. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Purity Products is filing it within thirty days after service of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Alameda.

5. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and Purity Products expressly reserves, and does not waive, all defenses, affirmative defenses, objections, and motions. Purity Products further

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

NOTICE OF REMOVAL

1  expressly reserves, and does not waive, its right to oppose the certification of a

2  class in this action.

## II.  **JURISDICTION**

4      6.    The Class Action Fairness Act of 2005 ("CAFA") creates federal

5  jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or

6  value of $5,000,000, exclusive of interest and costs, and is a class action in which

7  . . . any member of a class of plaintiffs is a citizen of a State different from any

8  defendant," and involves a putative class that consists of more than 100 members.

9  28 U.S.C. § 1332(d).  CAFA authorizes removal of such actions.  28 U.S.C. §§

10  1453, 1446.  As set forth below, this action meets all of CAFA's requirements for

11  jurisdiction.

12      **A.    The Amount in Controversy Exceeds $5,000,000**

13      7.    For purposes of CAFA removal, "the claims of the individual class

14  members shall be aggregated to determine whether the amount in controversy

15  exceeds the sum or value of $5,000,000, exclusive of interests and costs."  28

16  U.S.C. § 1332(d)(6).  "[A] defendant's notice of removal need include only a

17  plausible allegation that the amount in controversy exceeds the jurisdictional

18  threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547,

19  554 (2014).

20      8.    Purity Products denies any liability for the claims asserted in the

21  Complaint, and further denies that Plaintiff has any right to any relief for himself

22  or for members of the putative class.  Nevertheless, for purposes of removal, the

23  Complaint as pled gives rise to an amount in controversy which well exceeds

24  $5,000,000.

25      9.    Plaintiff alleges that Purity Products had a policy and practice of

26  surreptitiously recording and/or monitoring conversations with individuals who

27  called Purity Products' customer service telephone numbers from cellular or

28  cordless telephones or who called Purity Products' cellular or cordless telephones

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1    from landline telephones.  Complaint ¶¶ 17, 32.

2        10.    Within the one year preceding Plaintiff filing his Complaint, Purity

3    Products alleges that it received at least 1,001 telephone calls from residents in

4    California using cellular or cordless telephones.  *See Quesada v. Banc of Am. Inv.*

5    *Servs., Inc.*, No. 11-1703, 2012 WL 34228, at *1 (N.D. Cal. Jan. 6, 2012) (one year

6    statute of limitations for Penal Code § 632.7 claims).

7        11.    The Complaint alleges that for each telephone call in violation of

8    CIPA, Purity Products is liable for statutory damages of $5,000.  Complaint ¶ 35 &

9    Prayer for Relief ¶ c.

10       12.    At $5,000 per alleged violation for at least 1,001 calls, the statutory

11   damages that Plaintiff seeks exceed $5,000,000.

12       13.    Plaintiff also seeks an award of attorneys' fees under California Code

13   of Civil Procedure § 1021.5, further increasing the amount in controversy.  *Id.*

14   Prayer for Relief ¶ f.

15       **B.    There is Diversity of Citizenship**

16       14.    Minimal diversity under CAFA exists when "any member of a class

17   of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §

18   1332(d)(2)(A).

19       15.    Plaintiff is a citizen of California and the putative class members are

20   citizens of California.  Complaint §§ 4, 17.

21       16.    Purity Products is a citizen of New York, as it was incorporated in

22   New York and has its principal place of business in New York.

23       17.    Because Plaintiff and Purity Products are citizens of different states,

24   there is diversity of citizenship.

25       **C.    The Putative Class Contains at Least 100 Members**

26       18.    CAFA requires that the putative class contain at least 100 members.

27   28 U.S.C. § 1332(d)(5)(B).

28       19.    Plaintiff alleges the putative class contains at least seventy-five

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

3

members.  Complaint ¶ 22.

    20.    Purity Products alleges that it received at least 1,001 telephone calls from residents in California using cellular or cordless telephones within the one year before Plaintiff filed his Complaint.

    21.    Thus, this requirement is met.

## III.    <u>INTRADISTRICT ASSIGNMENT</u>

    22.    Pursuant to Local Rule 3.2(d), this action should be assigned to the San Francisco/Oakland Division because it arose in Alameda County.


Dated: October 25, 2017           VENABLE LLP


By: /s/ Daniel S. Silverman
    Daniel S. Silverman
    Melissa C. McLaughlin
    Attorneys for Defendant PURITY
    PRODUCTS INTERNATIONAL,
    INC.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

NOTICE OF REMOVAL

EXHIBIT A

20230988

1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  **KELLER GROVER LLP**
   1965 Market Street
3  San Francisco, California 94103
   Telephone: (415) 543-1305
4  Facsimile:  (415) 543-7861

**FILED**
ALAMEDA COUNTY

SEP 13 2017

CLERK OF THE SUPERIOR COURT
By _____ Deputy

5

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **IN AND FOR THE COUNTY OF ALAMEDA**

10

RG 1 7 8 7 5 1 9 2

11  RICHARD WUEST, individually and on      )  Case No: _____
    behalf of a class of similarly situated  )
12  individuals,                             )
                                             )  CLASS ACTION
13                          Plaintiff,       )
                                             )  **COMPLAINT FOR DAMAGES AND**
14                  v.                       )  **INJUNCTIVE RELIEF**
                                             )
15  PURITY PRODUCTS INTERNATIONAL,           )  **DEMAND FOR JURY TRIAL**
    INC.; and DOES 1 through 50, inclusive,  )
16                                           )
                            Defendants.      )
17                                           )
                                             )
18                                           )
                                             )
19                                           )
                                             )
20

SUMMONS ISSUED

21

22

23

24

25

26

27

28

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT A**
Page 5



KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   **CLASS ACTION COMPLAINT**

2   Plaintiff Richard Wuest ("Plaintiff" or "Wuest"), on behalf of himself and a class (the

3   "PC § 632.7 Class") of similarly situated individuals as defined below, alleges on information

4   and belief and the investigation by counsel as follows:

5   **INTRODUCTION**

6   1.   This class action lawsuit arises out of the policy and practice of Defendant Purity

7   Products International, Inc. (collectively, "Defendant" or "Purity Products") to record and/or

8   monitor,[1] without the consent of all parties, consumer-initiated telephone calls made or routed to

9   Defendant's toll-free and other customer service telephone numbers (collectively referred to as

10  "Purity Products customer service telephone numbers"), including but not limited to the Purity

11  Products toll-free telephone numbers 800-256-6102 and 800-500-1842.   During the relevant

12  time period, Defendant intentionally and surreptitiously recorded and/or monitored telephone

13  calls made or routed to Defendant's toll-free and other customer service telephone numbers,

14  including the telephone numbers 800-256-6102 and 800-500-1842.   Defendant did so without

15  warning or disclosing to inbound callers that their calls might be recorded or monitored.

16  2.   Defendant's policy and practice of recording and monitoring consumer-initiated

17  telephone conversations without the consent of all parties violates California's Invasion of

18  Privacy Act (Penal Code §§ 630, *et seq.*).   Specifically, Defendant's policy and practice violate

19  Penal Code § 632.7, which prohibits the recording or monitoring of a communication made to

20  or from a cellular or cordless telephone without the consent of all parties to the communication.

21  ///

22  ///

23

24

25

26

27

28

[1]   "Monitor," as used in this complaint, includes both (a) the common understanding of a person listening in on a call and (b) "intercepting," as that term is used in the California Invasion of Privacy Act ("CIPA").   Thus, "monitor" will be used in lieu of "intercept" throughout this complaint.

COMPLAINT                                    1                              Case No. _____

3.    Because of Defendant's violations, all individuals who called or were routed to one or more of Defendant's customer service telephone numbers while they were in California and were recorded or monitored by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

## PARTIES

4.    Plaintiff Richard Wuest is an individual and a resident of California.

5.    Defendant Purity Products International, Inc. is a foreign corporation with its headquarters in Plainview, New York.    Defendant systematically and continuously does business in California and with California residents.

6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

7.    Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and on that ground alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all Defendants.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

EXHIBIT A
Page 7

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

9.      This Court has personal jurisdiction over the parties because Defendant continually and systematically has conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and arose out of his contact with Defendant from and within California.

10.     Venue is proper in this Court because California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the state that plaintiff desires. On information and belief, as of the date this Complaint is filed, Defendant is a foreign business entity that has failed to designate a principal place of business in California with the office of the Secretary of State.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

11.     Plaintiff has heard radio advertisements for Defendant's products many times. While listening to radio station TALK 650 KTSE on August 19, 2017 at approximately 8:30 a.m., Plaintiff heard an ad for Defendant's products. The ad informed listeners that they could call 800-500-1842 if they wished to place an order for Defendant's products. On or about August 19, 2017 at approximately 9:00 a.m., Plaintiff called that toll-free telephone number to place an order. At no point during that initial telephone call did Defendant inform Plaintiff that the call was being recorded. Plaintiff did not give and could not have given consent for his telephone call to be recorded because the lack of warning or disclosure regarding call recording left him unaware at the call outset that Defendant was engaged in that practice.

12.     That same day, after doing some Internet research on Defendant, Plaintiff re-dialed 800-500-1842 and asked the customer service representative whether Defendant recorded telephone calls and was told that Defendant records all calls. At no time prior to asking the customer service representative whether his call was being recorded did Defendant provide any warning or disclosure that it recorded calls.

13.     Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents at the customer service call centers were and are directed, trained, and

COMPLAINT                          3                    Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    instructed to, and did and do, record and/or monitor telephone calls between the customer service

2    representatives and callers, including California callers. Plaintiff, on his own and through

3    investigation by counsel, verified on more than one occasion in August and September 2017 that

4    callers who called 800-256-6102 and 800-500-1842 and were routed to Defendant's customer

5    service representatives routinely were being recorded without having received any warning that

6    their calls were being recorded. No warning disclosure was played while callers were on hold

7    waiting to be transferred to a customer service representative, and no warning was given at the

8    call outset after callers were transferred to a customer service representative.

9         14.    Plaintiff is informed and believes and on that ground alleges that Defendant

10   intentionally has used technology consisting of hardware and/or software or other equipment to

11   carry out a policy and practice of recording and/or monitoring calls routed to Defendant's

12   customer service representatives.

13        15.    Plaintiff is informed and believes and on that ground alleges that other callers

14   who called Defendant's customer service telephone numbers – including 800-256-6102 and 800-

15   500-1842 -- and were routed to one of Defendant's customer service call centers were not

16   informed at the call outset by Defendant or anyone else that their calls were being recorded

17   and/or monitored. Thus, that recording and/or monitoring necessarily occurred without the

18   callers' knowledge or consent.

19        16.    Because there was no warning that calls would be recorded or monitored,

20   Plaintiff had a reasonable expectation that his telephone conversation with Defendant's

21   employees and agents was, and would remain, private and confined to the parties on the

22   telephone. That recording and/or monitoring without his consent is highly offensive to Plaintiff

23   and would be highly offensive to a reasonable person, including members of the proposed

24   Plaintiff Class.

25                          **CLASS ACTION ALLEGATIONS**

26        17.    Plaintiff brings this action under California Code of Civil Procedure § 382 on

27   behalf of themselves and the class (the "PC § 632.7 Class") defined as follows:

28        All California citizens who, at any time during the applicable limitations period

---

COMPLAINT                              4                        Case No. _____

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1   preceding the filing of the Complaint in this matter and through and including the date

2   of resolution, called one or more of Defendant's customer service telephone numbers

3   from a cellular or cordless telephone while located within the State of California and

4   whose calls were recorded and/or monitored by Defendant without any warning or

5   disclosure at the call outset.

6       18.    The PC § 632.7 Class that Plaintiff seeks to represent contains numerous

7   members and is clearly ascertainable including, without limitation, by using Defendant's

8   records and/or Defendant's telephone company's and/or other telecommunications and toll-free

9   service providers' records regarding calls to Defendant's customer service telephone numbers to

10  determine the size of the PC § 632.7 Class and to determine the identities of individual PC §

11  632.7 Class members. Plaintiff reserves the right to amend or modify the PC § 632.7 Class

12  definition and/or to add subclasses or limitations to particular issues.

13      19.    By its unlawful actions, Defendant has violated Plaintiff's and the PC § 632.7

14  Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630

15  *et seq.* The questions raised are, therefore, of common or general interest to the PC § 632.7

16  Class members, who have a well-defined community of interest in the questions of law and fact

17  raised in this action.

18      20.    Plaintiff's claims are typical of those of the PC § 632.7 Class, as Plaintiff now

19  suffers and has suffered from the same violation of the law as other putative PC § 632.7 Class

20  members. Plaintiff has retained counsel with substantial experience in prosecuting complex

21  litigation and class actions to represent them and the PC § 632.7 Class, and Plaintiff will fairly

22  and adequately represent the interests of the PC § 632.7 Class.

23      21.    This action may properly be maintained as a class action under § 382 of the

24  California Code of Civil Procedure because there is a well-defined community of interest in the

25  litigation and the proposed PC § 632.7 Class is ascertainable.

26  **Numerosity**

27      22.    Based on information and belief, the Class consists of at least seventy-five

28  individuals, making joinder of individual cases impracticable.

**Typicality**

1

2      23.      Plaintiff's claims are typical of the claims of all of the other members of the PC §

3   632.7 Class.  Plaintiff's claims and the PC § 632.7 Class members' claims are based on the same

4   legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff

5   and to all of the other PC § 632.7 Class members.

6   **Common Questions of Law and Fact**

7      24.      There are questions of law and fact common to the PC § 632.7 Class that

8   predominate over any questions affecting only individual PC § 632.7 Class members.  Those

9   common questions of law and fact include, without limitation, the following:

10             a.    Whether Defendant had a policy or practice of recording and/or

11                   monitoring inbound telephone calls made to customer service telephone

12                   numbers, including 800-256-6102 and 800-500-1842;

13             b.    Whether Defendant had a policy or practice of not disclosing to inbound

14                   callers that their conversations with Defendant's employees or agents

15                   would be recorded and/or monitored;

16             c.    Whether Defendant had a policy or practice of not obtaining inbound

17                   callers' consent to record and/or monitor conversations between

18                   Defendant's employees or agents, on the one hand, and inbound callers, on

19                   the other;

20             d.    Whether Defendant violated California Penal Code § 632.7 by recording

21                   and/or monitoring, surreptitiously and without disclosure at the call outset,

22                   telephone conversations

23                        i.    between inbound callers using cellular and cordless telephones

24                              within California and Defendant's employees and agents, and

25                       ii.    between inbound callers using landline telephones within

26                              California and Defendant's employees and agents using cellular or

27                              cordless phones; and

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

---

COMPLAINT                                6                        Case No. _____



e.      Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for each violation of Penal Code § 632.7.

**Adequacy**

25.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the PC § 632.7 Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other PC § 632.7 Class members and have the financial resources to do so.  Neither Plaintiff nor his counsel have any interests adverse to those of the other PC § 632.7 Class members.

**Superiority**

26.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all PC § 632.7 Class members is impracticable and questions of law and fact common to the PC § 632.7 Class predominate over any questions affecting only individual members of the PC § 632.7 Class. Even if every individual PC § 632.7 Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.  Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each PC § 632.7 Class member.  Further, it will prevent the very real harm that would be suffered by numerous putative PC § 632.7 Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage as their punishment for obeying the law.  Plaintiff anticipates no difficulty in the management of this case as a class action.

27.     The prosecution of separate actions by individual PC § 632.7 Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    of the interests of other PC § 632.7 Class members not parties to those adjudications or that

2    would substantially impair or impede the ability of those non-party PC § 632.7 Class members to

3    protect their interests.

4        28.    The prosecution of individual actions by PC § 632.7 Class members would run

5    the risk of establishing inconsistent standards of conduct for Defendants.

6    ///

7        29.    Defendant has acted or refused to act in respects generally applicable to the PC §

8    632.7 Class, thereby making appropriate final and injunctive relief or corresponding declaratory

9    relief with regard to members of the PC § 632.7 Class as a whole as requested herein.  Likewise,

10   Defendant's conduct as described above is unlawful, is capable of repetition, and will continue

11   unless restrained and enjoined by the Court.

**FIRST CAUSE OF ACTION**
**Unlawful Recording and/or Monitoring of**
**Cellular and Cordless Telephone Communications**
**(Violation of California Penal Code § 632.7)**
**Against All Defendants**

15       30.    Plaintiff incorporates each allegation set forth above as if fully set forth herein

16   and further alleges as follows.

17       31.    On and around July 13, 2017, and while physically located in Sacramento,

18   California, Plaintiff used his cellular telephone and called the 800-500-1842 toll-free customer

19   service telephone numbers that Defendant had advertised on the radio.

20       32.    Plaintiff is informed and believes and on that ground alleges that, at all relevant

21   times, Defendant had a policy and practice of using hardware and/or software or other equipment

22   that enabled it to surreptitiously record and/or monitor conversations with Plaintiff and other PC

23   § 632.7 Class members (a) who made calls to the Purity Products customer service telephone

24   numbers on their cellular or cordless telephones or (b) who made calls to Defendant's cellular or

25   cordless telephones on their landline telephones.  Plaintiff, individually and through investigation

26   by counsel, verified on more than one occasion in August and September 2017 that callers who

27   called 800-256-6102 and 800-500-1842 and were routed to Defendant's customer service

28   representatives routinely were being recorded without having received any warning at the call

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

COMPLAINT                                    8                          Case No. _____

1    outset that their calls were being recorded. No warning disclosure was played while callers were

2    on hold waiting to be transferred to a customer service representative, and no warning was given

3    at the call outset after callers were transferred to a customer service representative.

4         33.    Plaintiff is informed and believes and on that ground alleges that, at all relevant

5    times, Defendant had and followed a policy and practice of intentionally and surreptitiously

6    recording and/or monitoring Plaintiff's and PC § 632.7 Class members' telephone conversations

7    with Defendant's employees and agents in which one or both parties to the call were using

8    cellular or cordless telephones. Plaintiff, individually and through investigation by counsel,

9    verified on more than one occasion in August and September 2017, that callers who called 800-

10   256-6102 and 800-500-1842 and were routed to Defendant's customer service representatives

11   routinely were being recorded without having received any warning at the call outset that their

12   calls were being recorded. No warning disclosure was played while callers were on hold waiting

13   to be transferred to a customer service representative, and no warning was given at the call outset

14   after callers were transferred to a customer service representative.

15        34.    Because Defendant did not disclose to Plaintiff or PC § 632.7 Class members at

16   the call outset that their calls were being recorded and/or monitored, Defendant did not obtain,

17   and could not have obtained, Plaintiff's or PC § 632.7 Class members' express or implied

18   advance consent to the recording or monitoring of those conversations. As a result, Plaintiff and

19   PC § 632.7 Class members had an objectively reasonable expectation that their calls were not

20   being recorded and/or monitored. That expectation and its objective reasonableness arise, in

21   part, from the objective offensiveness of surreptitiously recording people's conversations, the

22   absence of even a simple pre-recorded message as short as four simple words – "calls may be

23   recorded" – and the ease with which such a message could have been put in place. As the

24   California Supreme Court has stated, "in light of the circumstance that California consumers are

25   accustomed to being informed at the outset of a telephone call whenever a business entity intends

26   to record the call, it appears equally plausible that, in the absence of such an advisement, a

27   California consumer reasonably would anticipate that such a telephone call is not being recorded,

28   particularly in view of the strong privacy interest most persons have with regard to the personal

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

COMPLAINT                                    9                         Case No. _____



1    financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney*

2    (2006) 39 Cal. 4th 95.)

3        35.    Defendant's conduct as described above violated California Penal Code §

4    632.7(a).  Under Penal Code § 637.2, Plaintiff and PC § 632.7 Class members therefore are

5    entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual

6    damages, the amount deemed proper by the California Legislature.  Plaintiff and PC § 632.7

7    Class members also are entitled to injunctive relief to enjoin further violations.

8                            **PRAYER FOR RELIEF**

9        **WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the

10    following relief:

11        a.    An order certifying the PC § 632.7 Class and appointing Plaintiff Richard Wuest

12            as representatives of the PC § 632.7 Class, and appointing counsel for Plaintiff as

13            lead counsel for the PC § 632.7 Class;

14        b.    An order declaring that the actions of Defendant, as described above, violate

15            California Penal Code § 632.7;

16        c.    A judgment for and award of statutory damages of $5,000 per violation to

17            Plaintiff and the members of the PC § 632.7 Class under California Penal Code

18            § 637.2;

19        d.    A permanent injunction under Penal Code § 637.2 enjoining Defendant from

20            engaging in further conduct in violation of California Penal Code § 630, *et seq.;*

21        e.    Payment of costs of the suit;

22        f.    Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

23        g.    An award of pre- and post-judgment interest to the extent allowed by law; and

24        h.    For such other or further relief as the Court may deem proper.

25    ///

26

27

28

KELLER GROVER LLP<br/>1965 Market Street, San Francisco, CA  94103<br/>Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                              10                        Case No. _____

**EXHIBIT A**<br/>**Page 15**

1

2    Dated: September 13, 2017

3

4

5

6

7

8

9

10

11

12

13    Dated: September 13, 2017

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**KELLER GROVER LLP**

By: _____
Eric A. Grover
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**KELLER GROVER LLP**

By: _____
Eric A. Grover
Attorneys for Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

COMPLAINT                    11                    Case No. _____

**EXHIBIT A**
**Page 16**

KELLER GROVER LLP
Attn: Grover, Eric A.
1965 Market Street
San Francisco, CA  94103____

Purity Products International, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Wuest | No. RG17875192 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | |
| Purity Products International, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Case Management Conference
Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conference:
DATE: 10/24/2017    TIME: 03:00 PM    DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Complex Determination Hearing:
DATE: 11/28/2017    TIME: 03:00 PM    DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

## EXHIBIT A
## Page 17

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions under Local Rule 3.90.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing (CDH) must be scheduled in the same department as that hearing.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for the department where the CDH is scheduled.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling 1-888-882-6878, or faxing a service request form to 1-888-882-2946. This service is subject to charges by the vendor.

Dated:  09/14/2017           Chad Finke  Executive Officer / Clerk of the Superior Court

                             By        *Michelle Bank*
                                                        Digital
                                       _____
                                              Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/15/2017.

                             By        *Michelle Bank*
                                                        Digital
                                       _____
                                              Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Eric A. Grover, Esq. (SBN 136080)
Keller Grover, LLP
1965 Market Street
San Francisco, CA 94103
TELEPHONE NO.: 415-543-1305     FAX NO.:
ATTORNEY FOR *(Name):* Richard Wuest

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

**ENDORSED
FILED
ALAMEDA COUNTY**

SEP 1 3 2017

CLERK OF THE SUPERIOR COURT
By _____ Molly J. Kautz _____ Deputy

CASE NAME:
Richard Wuest v. Purity Products International, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG17875192 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☑ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 13, 2017                                            BY FAX
Eric A. Grover
_____                    E.A. Grover
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A**
**Page 19**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**EXHIBIT A**

**Page 20**

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: Richard Wuest v. Purity Products International | Case Number: 17875192 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ X ] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [X] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | Other judicial review (39) | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

**EXHIBIT A**

**Page 21**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>PURITY PRODUCTS INTERNATIONAL, INC.; and DOES 1 through 50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>RICHARD WUEST, individually and on belhalf of a class of similarly situated individuals, | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br>**ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>SEP 1 3 2017<br><br>CLERK OF THE S~~~~ Molly J. Kautz<br>By _____<br>Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Alameda County Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG 1 7 8 7 5 1 9 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, Esq. KELLER GROVER LLP, 1965 Market Street, San Francisco, CA 94103 (415) 543-1305

| | | | |
|---|---|---|---|
| DATE: **SEP 1 3 2017**<br>*(Fecha)* | Chad Finke | Clerk, by **Molly J. Kautz**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**EXHIBIT A**
**Page 22**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, CA 94103<br>TELEPHONE NO.: (415) 543-1305    FAX NO. *(Optional):* (415) 543-7861<br>E-MAIL ADDRESS *(Optional):* eagrover@kellergrover.com<br>ATTORNEY FOR *(Name):* Plaintiff Richard Wuest | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA |
|---|
| STREET ADDRESS: 1225 Fallon Street |
| MAILING ADDRESS: 1225 Fallon Street |
| CITY AND ZIP CODE: Oakland, CA 94612 |
| BRANCH NAME: Rene C. Davidson Courthouse |

| PLAINTIFF/PETITIONER: RICHARD WUEST | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PURITY PRODUCTS INTERNATIONAL, INC. | RG17875192 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Addendum to Civil Case Cover Sheet; Notice of Hearing

3. a. Party served *(specify name of party as shown on documents served):*
   PURITY PRODUCTS INTERNATIONAL, INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   JAHN LEVIN, CEO for PURITY PRODUCTS INTERNATIONAL, INC.

4. Address where the party was served:
   200 TERMINAL DRIVE, PLAINVIEW, NY 11803

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*              at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**EXHIBIT A**

| | |
|---|---|
| PLAINTIFF/PETITIONER: RICHARD WUEST<br><br>DEFENDANT/RESPONDENT: PURITY PRODUCTS INTERNATIONAL, INC. | CASE NUMBER:<br>RG17875192 |

5.  c.  [✔]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date):* September 21, 2017     (2) from *(city):* San Francisco, CA

      (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

      (4) [✔] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

      [ ] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of *(specify):*

  c.  [ ]  as occupant.

  d.  [✔]  On behalf of *(specify):*

      under the following Code of Civil Procedure section:

| | |
|---|---|
| [✔] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**

  a.  Name: Jasmine Minato Williams

  b.  Address: 1965 Market Street, San Francisco, CA 94103

  c.  Telephone number: (415) 543-1305

  d.  **The fee** for service was: $

  e.  I am:

      (1) [✔] not a registered California process server.

      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

      (3) [ ] a registered California process server:

         (i) [ ] owner [ ] employee [ ] independent contractor.

         (ii) Registration No.:

         (iii) County:

8.  [✔]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: September 21, 2017

JASMINE MINATO WILLIAMS _____   ▶   _____

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE )

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover (SBN 136080) <br> KELLER GROVER LLP <br> 1965 Market Street <br> San Francisco, CA 94103 <br> TELEPHONE NO.: (415) 543-1305   FAX NO. *(Optional):* (415) 543-7861 <br> E-MAIL ADDRESS *(Optional):* cagrover@kellergrover.com <br> ATTORNEY FOR *(Name):* Plaintiff Richard Wuest | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

| PLAINTIFF/PETITIONER: RICHARD WUEST | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PURITY PRODUCTS INTERNATIONAL, INC. | RG17875192 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Addendum to Civil Case Cover Sheet; Notice of Hearing

3. a. Party served *(specify name of party as shown on documents served):*
      PURITY PRODUCTS INTERNATIONAL, INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      JAHN LEVIN, CEO for PURITY PRODUCTS INTERNATIONAL, INC.

4. Address where the party was served:
   200 TERMINAL DRIVE, PLAINVIEW, NY 11803

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**EXHIBIT A**
**Page 25**

| PLAINTIFF/PETITIONER: RICHARD WUEST | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PURITY PRODUCTS INTERNATIONAL, INC. | RG17875192 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* September 21, 2017    (2) from *(city):* San Francisco, CA

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
  a. Name: Jasmine Minato Williams
  b. Address: 1965 Market Street, San Francisco, CA 94103
  c. Telephone number: (415) 543-1305
  d. **The fee** for service was: $
  e. I am:
    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: September 21, 2017

JASMINE MINATO WILLIAMS
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
        (SIGNATURE )



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

**EXHIBIT A**
**Page 27**

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**EXHIBIT A**
**Page 28**

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*):<br>ATTORNEY FOR (*Name*): | |
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation          ☐ Judicial arbitration
   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010]    **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**    Cal. Rules of Court,<br>rule 3.221(a)(4)

**EXHIBIT A**
**Page 29**

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
      (TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
      (TYPE OR PRINT NAME)                                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

**EXHIBIT A**

**Page 30**